THE PEOPLE *v.* ORTIZ ET AL.

APPEAL from the District Court of Ponce.

No. 384.—Decided December 22, 1911.

CRIMINAL LAW—RIOT—MISDEMEANOR—CONCURRENT JURISDICTION OF DISTRICT COURTS.—In accordance with the doctrine laid down by this court in case No. 356, *The People* v. *Adorno,* decided November 29, 1911, district courts have concurrent jurisdiction with the municipal courts to try misdemeanors.

ID.—RIOT—ELEMENTS OF CRIME.—In order that the crime of riot may exist the law in force in Porto Rico requires that it be committed by two or more persons acting together and without authority of law; that force or violence be used, or that there be a threat to use such force or violence accompanied by immediate power of execution, and that the public peace be disturbed. The court, after considering the information in this case, held that such elements were set forth therein.

ID.—WEIGHING THE EVIDENCE—ACQUITTAL OF SOME OF DEFENDANTS.—The fact that the trial judge acquitted one of the defendants because he had reasonable doubt as to his guilt notwithstanding the fact that the evidence against him was of the same class as that against the other defendants whom he sentenced is insufficient ground for this court to hold that said doubt necessarily should have existed also with regard to the guilt of the defendants who·were·

found guilty, and that consequently they should have been and ought to be acquitted also. The trial judge heard each of the witnesses and observed his manner of testifying, his attitude towards each of the defendants, and his interest in the case, and, finally, he could base his judgment upon a conscientious and impartial examination of all the evidence taken.

The facts are stated in the opinion.

*Messrs. Francisco Parra* and *Manuel A. Rivera* for appellants.

*Mr. Jesús M. Rossy,* prosecuting attorney, for appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of Ponce sentencing Francisco Ortiz, *alias* Churri, Braulio Aguilú, Edelmiro Huertas, Juan Olivencia, and Nieves Olivencia, as principals in the commission of the crime of riot as defined in section 359 of the Penal Code, to the payment by each of them of a fine of $100 or in default thereof to imprisonment for one day in jail for each dollar remaining unpaid provided that such imprisonment should not exceed 90 days.

The appellants alleged in writing at the time of the hearing that the trial court:

First. Acted without jurisdiction.

Second. Erred in overruling the demurrer filed on the ground that the facts stated in the information did not constitute a public crime.

Third. Erred in punishing for two acts constituting two crimes of disturbing the peace under one information.

Fourth. Erred in weighing the evidence and in applying the law.

The first of the grounds alleged in support of the appeal is the lack of jurisdiction and is founded on the fact that this cause originated in the district court, and that as the crime charged is a misdemeanor cognizance thereof should have been taken originally by the municipal court and not by the district court.

This same jurisdictional question has been decided by this

court in the case of *The People* v. *Adorno* (17 P. R. R., 1059), decided November 29, 1911, to the effect that district courts have concurrent jurisdiction with municipal courts to try misdemeanors, and the jurisprudence laid down in said case is accepted and confirmed in this.

Let us examine the second ground alleged. Section 359 of the Penal Code, which is included in Title XV of the same and treats "Of crimes against the public peace," reads as follows:

"Any use of force or violence, disturbing the public peace or any threat to use such force or violence, if accompanied by immediate power of execution, by two or more persons acting together, and without authority of law, is a riot."

The prosecuting attorney in his information charged the accused with the commission of the following crime:

"On the night of November 8, 1910, in the town of Coamo within the judicial district of Ponce, P. R., the aforesaid defendants (naming them), accompanied by several other unknown persons, acting together and without authority of law, planned an assault on the persons who were in and about the Unionist Club situated on Comercio Street of said town of Coamo, and then and there using force and violence carried out their purpose and assaulted the aforesaid persons, among whom were (naming them), at whom they threw stones and fired their revolvers thereby seriously wounding a young man, José Felipe Santiago, in the face. The consequent alarm and disturbance of the public peace was thus caused in the town."

To conclude without difficulty that the acts with which the defendants and appellants are charged constitute the public crime of whose commission the trial court found them guilty, an examination of the information in conjunction with the above-quoted provision of the criminal law is sufficient.

The information alleges all the elements required by the law in force in Porto Rico to constitute the crime of riot, to wit:

First. That there were two or more defendants.

Second. That they acted together and without authority of law.

. Third. That force or violence was used or that there was a threat to use such force or violence accompanied by immediate power of execution.

ꞁ· Fourth. That the public peace was disturbed.

. Let us examine the third ground alleged. It is shown by the evidence that two assaults were made upon the Unionist Club or upon persons who were found therein or thereabouts, several minutes elapsing between one attack and the other, and that several witnesses saw some of the defendants engage in the first assault and others in the second; but this does not mean that in dealing, as we are, with a crime of the nature of a riot such assaults constitute different acts which must be alleged separately as different crimes. When together and acting in the manner in which they did the defendants had but one intention, and the aggregate acts perpetrated by them, all tending to the employment of force and violence to disturb the public peace, is what constitutes the crime prosecuted and punished in this case.

Let us consider the fourth and last ground alleged, to wit, that the judgment is contrary to the law and the evidence.

The fact that the riot took place on the date and at the place specified in the information is evident. The evidence with regard to the participation of each of the defendants and appellants may be summed up as follows:

1. Francisco Ortiz, *alias* Churri, was seen by witness Larrauri with a stone in his hand and witness Fernández saw him throwing stones; 2. Braulio Aguilú was seen firing his revolver by witnesses Pasalacqua, Fernández, and Bermúdez; 3. Witnesses Pasalacqua and Fernández saw Edelmiro Huertas firing his revolver; 4. Juan Olivencia and, 5. Nieves Olivencia were each seen by witness Larrauri with a cudgel, and witness Fernández saw them throwing stones.

The trial judge notwithstanding the evidence of the defendants and appellants tending to show that they took no

part in the act investigated gave credit to the testimony of the witnesses for the prosecution and based his judgment of conviction on their testimony.

The fact that the judge acquitted one of the defendants because he had a reasonable doubt with regard to his guilt notwithstanding the fact that the evidence against him was the same as that against the defendants Aguilú and Huertas is insufficient ground for this court to hold that the same doubt necessarily should also have existed as to the guilt of. Huertas and Aguilú and that consequently they also should have been acquitted.  The trial judge heard each of the witnesses and observed his manner of testifying, his attitude toward each of the defendants, and his interest in the case, and, finally, he could base his judgment on a conscientious and impartial examination of all the evidence taken.  He was in doubt as to the guilt of one of the defendants and acquitted him, but he was certain as to the guilt of the others and therefore convicted them; and inasmuch as it has not been shown that in so doing he was actuated by passion, prejudice, or partiality, or that he considered the effect of the evidence in an arbitrary manner, we should accept his judgment as a just and proper one.

As it does not appear that any fundamental error was committed in this case the appeal cannot be sustained and the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.